CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2014

JULIA C. DUDLEY, CLERK
BY: KB
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHAIN CLAUDE COLLINS, | ) | CASE NO. 7:13CV00474 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Shain Claude Collins, a Virginia inmate proceeding with counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Collins challenges the validity of his confinement pursuant to the judgment of the Circuit Court of Tazewell County after a jury convicted him of robbery, statutory burglary, use of a firearm in the commission of a robbery, and wearing a mask in public. After careful review of the parties' submissions and state court records, the court concludes that respondent's motion to dismiss must be granted.

I

While wearing a mask and brandishing a firearm, Collins robbed a clerk at the Doran Grocery in Tazewell County. The clerk, who was the only eyewitness, testified at trial that she recognized Collins' voice, eyes, and cheek bones because Collins was a frequent customer of the store. The clerk also testified she identified Collins as the robber during a "showup" at Collins' house on the night of the robbery.[1] Collins subsequently admitted to police that he robbed the clerk at gunpoint. However, Collins testified at trial that the police threatened him and misunderstood his statements. Collins also testified that he could not have robbed the Doran Grocery because he was at home with his wife except for briefly going to a relative's house and a

---

[1] "Showups are essentially single-person lineups: a single suspect is presented to a witness to make an identification . . . soon after [a crime's] commission." State v. Henderson, 27 A.3d 872, 902-03 (N.J. 2011) (cited by United States v. Greene, 704 F.3d 298, 307 (4th Cir. 2013)).

different store named F&M Market. The jury convicted Collins of robbery, statutory burglary, use of a firearm in the commission of a robbery, and wearing a mask in public, and the Circuit Court of Tazewell County imposed the jury's sentence of life plus 54 years. Collins unsuccessfully appealed to the Court of Appeals of Virginia and the Supreme Court of Virginia. Collins also filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which denied the petition after considering its merits.

Collins alleges the following claims in the instant habeas petition:

1A. Collins was subjected to an unnecessarily suggestive and tainted identification procedure;

1B. Counsel rendered ineffective assistance by not filing a motion to suppress Collins' identification by the victim, not investigating the suppression issue, and not objecting to the identification at trial;

2A. The police did not advise Collins of his Miranda[2] rights, did not obtain a waiver of the Miranda rights, and did not stop the interrogation when Collins asked for an attorney;

2B. Counsel rendered ineffective assistance by not investigating Collins' statements to the police and not filing a motion to suppress these statements; and

3. Counsel rendered ineffective assistance by:
  A. Stipulating to evidence that Collins was a convicted felon;
  B. Not objecting to testimony that Collins was a convicted felon;
  C. Not cross examining or not adequately cross examining the victim and Detective Mike Shawver;
  D. Not objecting to prejudicial, irrelevant, and privileged testimony from Collins' wife, not filing a pretrial motion about spousal privilege, and not interviewing the wife before trial;
  E. Not filing a motion to strike the evidence at the conclusion of the Commonwealth's case-in-chief;
  F. Not investigating and presenting evidence of Collins' alibi defense; and
  G. Not preparing Collins to testify at trial and not adequately advising Collins about whether to testify.

Respondent filed a motion to dismiss, and the time to respond expired, making the matter ripe for disposition. After reviewing the record, the court finds that Collins procedurally defaulted claims 1A and 2A and that the Supreme Court of Virginia's adjudication of the remaining claims was not contrary to, or an unreasonable application of, clearly established federal law or based on an

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

2

unreasonable determination of the facts. Accordingly, respondent's motion to dismiss must be granted.

## II

### A. Procedural Default

A petitioner procedurally defaults a federal habeas claim when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). The Supreme Court of Virginia declined to consider claims 1A and 2A pursuant to Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974).[3] The United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (internal quotations omitted). Therefore, Collins procedurally defaulted claims 1A and 2A. This court may not review these claims unless Collins demonstrates either (1) cause for default and actual prejudice, or (2) a fundamental "miscarriage of justice" due to petitioner's actual innocence. Wolfe v. Johnson, 565 F.3d 140, 160 (4th Cir. 2009). Collins relies on the ineffective assistance of counsel claims 1B and 2B to excuse the procedural default. However, the Supreme Court of Virginia reviewed claims 1B and 2B, along with the other claims of ineffective assistance of counsel, and determined that they all lacked merit. As discussed infra, the court has reviewed claims 1B and 2B and finds that these two claims do not constitute cause to excuse the procedural default of claims 1A and 2A, and Collins fails to establish actual innocence.

---

[3] Slayton precluded the Supreme Court of Virginia from reviewing a non-jurisdictional claim in a petition for a writ of habeas corpus when that claim could have been presented at trial and on appeal but was not.

3

## B. Standard of Review for Adjudicated Claims

After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

A federal court may issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011).

4

## C. Claims of Ineffective Assistance of Counsel

The Supreme Court of Virginia applied Strickland v. Washington, 466 U.S. 668 (1984), to reject Collins' ineffective assistance of counsel claims now presented as claims 1B, 2B, and 3A-G. After reviewing the state court record, the court finds that Collins had failed to establish counsel's deficient performance and resulting prejudice for claims 1B, 2B, and 3A-G in the petition presented to the Supreme Court of Virginia. Thus, the Supreme Court of Virginia's reasons for dismissing claims 1B, 2B, and 3A-G were not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

Collins failed to satisfy the two-pronged test set forth in Strickland. The first prong of Strickland required Collins to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[4] Strickland, 466 U.S. at 687-88. The second prong of Strickland required Collins to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."[5] Id. at 694. The Supreme Court of Virginia properly determined for each ineffective assistance claim the reasons why Collins failed to establish deficient performance and resulting prejudice as required by Strickland.

---

[4] Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id.

[5] If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether petitioner has satisfied the other prong. Id. at 697.

5

Collins argues in claim 1B that counsel was ineffective by not filing a motion to suppress the victim's identification of Collins, not investigating the suppression issue, and not objecting to the identification at trial. The Supreme Court of Virginia determined that the record demonstrated that "the victim knew [Collins] prior to the robbery because [Collins] was a customer at the store, he had been in the store nearly every day for several months and at least twice on the day of the robbery, and she had been watching him closely during his visits because she suspected him of shoplifting. The victim immediately recognized [Collins] during the robbery because of his voice, build, and the portions of his eyes and face which were visible despite his mask." Collins v. Director, No. 122172, slip op. at 2 (Va. July 19, 2013). Thus, the victim's identification of Collins was based on the victim's own knowledge and not based on the allegedly unduly-suggestive showup.

Collins argues in claim 2B that counsel was ineffective by not investigating Collins' statements to the police and not filing a motion to suppress these statements. The Supreme Court of Virginia determined that the record demonstrated that:

> Counsel interviewed the officers involved in the questioning and they informed her that they had advised [Collins] of his rights, that he had waived those rights, and that he had never asked for an attorney. Counsel was advised by Detective Mullins and the prosecutor that a recording of the questioning had been attempted, but the recording device had not worked. The officers testified at trial consistently with the information they had previously provided counsel.

Id. at 4-5. Consequently, counsel did investigate the circumstances of the interview and was not deficient for not filing a futile motion to suppress.

Collins argues in claim 3A that counsel was ineffective by stipulating to evidence that Collins was a convicted felon, and he argues in claim 3B that counsel was ineffective by not objecting to testimony that Collins was a convicted felon. The Supreme Court of Virginia

6

determined that counsel was not deficient for these claims. Counsel agreed to the stipulation because Collins was charged with possession of a firearm by a convicted felon, and counsel did not want evidence of Collins' prior convictions to be reiterated to the jury. After counsel's motion to sever that charge was granted, the stipulation was withdrawn, and counsel moved to preclude the Commonwealth from eliciting evidence of Collins' prior convictions during the guilt phase of trial. The Commonwealth did not object and instructed its witnesses not to mention that Collins had already been convicted of similar crimes. When a witness twice testified that Collins admitted to being a convicted felon, the trial court sustained counsel's objection and instructed the jury to disregard both statements about Collins' criminal history. Furthermore, Collins admitted during cross examination to being previously convicted of four felonies from two different incidents separated by "a lot of time."

Collins argues in claim 3C that counsel was ineffective by not cross examining or not adequately cross examining the victim and Detective Shawver. The Supreme Court of Virginia determined that there were no material inconsistencies between the victim's testimony and the victim's statements to the E-911 operator. On cross examination, counsel attacked the victim's confidence in identifying Collins as the masked robber and referenced the cross examination during closing arguments. The Supreme Court of Virginia also determined that Collins failed to proffer what Detective Shawver's testimony would have been or how the unproffered testimony would have changed the trial's outcome. Nonetheless, counsel had no need to cross examine Detective Shawver because his very brief testimony about how he found no physical evidence linking Collins to the crime even after Collins gave him permission to search Collins' house was completely favorable to Collins. Counsel, understandably for strategic reasons, did not cross examine Detective Shawver about the white car Collins drove away from the Doran Grocery

7

while wearing a mask because counsel had already addressed the issue while cross examining the prior Commonwealth witness, and cross examining Detective Shawver about the car would have focused the jury away from the detective's favorable testimony.

Collins argues in claim 3D that counsel was ineffective by not objecting to prejudicial testimony from Collins' wife as irrelevant and privileged, not filing a pre-trial motion about spousal privilege, and not interviewing the wife before trial. The Supreme Court of Virginia determined that this claim lacked merit. Counsel contacted Collins' wife the same day she learned the Commonwealth interviewed Collins' wife, and they discussed the content of the Commonwealth's interview and the wife's expected trial testimony. Per Collins' request, counsel intended to call Collins' wife as a witness for an alibi defense. However, the wife did not tell counsel that she previously told the Commonwealth about how Collins had been abusing drugs, and the Commonwealth elicited this information during cross examination. Thus, counsel could reasonably have determined there was no reason to discuss the spousal privilege with Collins when the wife told counsel only the favorable aspects of her anticipated testimony.

Collins argues in claim 3E that counsel was ineffective by not making a motion to strike the evidence at the conclusion of the Commonwealth's case-in-chief. The Supreme Court of Virginia determined this claim lacked merit. Petitioner did not articulate "any grounds upon which counsel could have moved for a mistrial or to state why such grounds were waived by counsel's failure to move to strike the evidence and fails to articulate the appellate issue [Collins] contends was waived by counsel's failure." Collins, slip op. at 11. Furthermore, an attorney's decision whether to make a motion to strike the evidence is a strategic one entitled to deference. See, e.g., Jones v. Barnes, 463 U.S. 745, 751 (1983) (describing counsel's discretion to make certain legal decisions like whether to file a motion to strike).

8

Collins argues in claim 3F that counsel was ineffective by not investigating and presenting evidence of Collins' alibi defense by subpoenaing sales receipts or video recordings from the F&M Market and by subpoenaing Collins' phone records. Collins testified that he could not have robbed the Doran Grocery because he was with his wife except for running errands to a relative's house and to the F&M Market. The Supreme Court of Virginia determined the claim was meritless. Counsel called Collins' wife and nephew to testify about Collins' alibi. Furthermore, "[c]ounsel investigated Collins' claim that he was at the F&M Market and learned the clerk did not remember [Collins] being in the store on the night of the robbery but did recall a man coming into the store a few days after the robbery and telling her he had been in the store that night and asking her to tell anyone who inquired that he had been there." Collins, slip op. at 12. Moreover, Collins testified that he went to the F&M Market after the police already arrived at the Doran Grocery, and the robbery occurred so quickly that it was not implausible that Collins robbed the Doran Grocer in between the several phone calls with relatives.

Collins argues in claim 3G that counsel was ineffective by not preparing Collins to testify at trial and for not adequately advising Collins about whether to testify. The Supreme Court of Virginia rejected this claim because counsel advised Collins about testifying. Specifically, counsel advised how Collins would need to explain why he confessed to the police if he did not commit the robbery and warned him that the Commonwealth would question him about his criminal record. Collins did not allege what additional advice counsel should have given him about whether to testify, how counsel should have prepared him to testify, or how that preparation would have had a reasonable probability of changing the jury's verdict.

In summary, the Supreme Court of Virginia determined that Collins failed to establish both counsel's deficient performance and resulting prejudice for all of claims 1B, 2B, and 3A-G.

9

To the extent Collins alleges that counsel's alleged cumulative errors resulted in prejudice, his claim fails because "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). The court finds that the Supreme Court of Virginia's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

### III

In conclusion, the court grants respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus.

DATED this 24th day of September, 2014.

                                                 /s/ Glen Conrad
                                                 Chief United States District Judge