CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 8 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHAIN CLAUDE COLLINS, | ) | CASE NO. 7:13CV00474 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, DIRECTOR, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

By opinion and order entered in September 2014, the court dismissed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by counsel on behalf of Shain Claude Collins. Collins' appeal of that judgment was dismissed. Now, Collins has submitted a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. The court finds no merit to Collins' motion.

Collins was convicted in Tazewell County Circuit Court of robbery, statutory burglary, use of a firearm in the commission of a robbery, and wearing a mask in public. At Collins' house on the night of the robbery, and again at trial, the store clerk who was robbed identified Collins as the robber, based on her personal acquaintance with him as a frequent customer at her store. Collins also admitted to police that he had robbed the clerk at gunpoint, but then presented an alibi defense at trial. The Court imposed the sentences recommended by the jury—life plus 54 years in prison. Collins unsuccessfully appealed to the Court of Appeals of Virginia and the Supreme Court of Virginia. He also filed a petition for a writ of habeas corpus, which the Supreme Court of Virginia denied.

Collins then filed his § 2254 petition in this court. Among other things, as he had in his state court habeas petition, Collins raised two trial court error claims, challenging the validity of

the victim's identification of him at his house and the use at trial of his incriminating statements to police. He also argued that trial counsel was ineffective in failing to move for suppression of the identification and the statements. The Supreme Court of Virginia dismissed the trial error claims as procedurally defaulted, because Collins failed to raise them at trial or on direct appeal and dismissed the ineffective assistance claims as without merit. This court, in proper deference under § 2254(d) to the state court's adjudication, agreed that Collins' claims of ineffective assistance by trial counsel had no merit. Collins v. Clarke, No. 7:13CV00474, 2014 WL 4781892, at *3-6 (W.D. Va. Sept. 24, 2014), appeal dism'd, 598 F. App'x 213 (4th Cir. 2015). Furthermore, the court dismissed the trial error claims as procedurally barred from federal habeas review, based on the state court's express application of an independent and adequate state procedural rule. Id. at *2.

Rule 60(b) authorizes relief from a civil judgment based on, among other things, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" or "any other reason that justifies relief." Rule 60(b)(2) and (6). Such relief is an extraordinary remedy and should be invoked only when "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). "Such circumstances will rarely occur in the habeas context." Gonzales v. Crosby, 545 U.S. 524, 535 (2005). A proper Rule 60(b) motion in a federal habeas action must attack "some defect in the integrity of the federal

habeas proceedings," rather than "the substance of the federal court's resolution of a [habeas] claim on the merits.[1] Id. at 532.

The court liberally construes Collins' instant motion as asserting two claims for relief under Rule 60(b): (a) this court erred in not considering ineffective assistance by habeas counsel as cause to excuse Collins' procedural default of his trial error claims, see Martinez v. Ryan, __U.S.__, 132 S. Ct. 1309 (2012); and (b) this court erred in refusing to conduct an evidentiary hearing on Collins' ineffective assistance claims. Because Collins' motion is directed at alleged defects in the federal habeas proceedings, it is properly considered as a Rule 60(b) motion. As such, it must be denied as without merit, however.

Collins states expressly that he is bringing his motion under Rule 60(b)(2) and (6). Because he does not identify any newly discovered evidence related to either of his current claims, however, the motion fails under Subsection (2). Collins vaguely asserts that the Martinez decision constitutes a subsequent change in substantive law that justifies relief from the habeas judgment under Rule 60(b)(6). This argument fails for multiple reasons.

First, the Supreme Court decided the Martinez case well before Collins' federal habeas proceedings concluded in September 2014. Therefore, Martinez cannot qualify as a subsequent change in the legal landscape. Second, that decision did not change the substantive law at issue in this court's alleged deficiency in failing to conduct a hearing on Collins' ineffective assistance claims. Third, for reasons stated, infra, the Martinez decision offers no basis on which Collins could overcome his procedural defaults.

---

[1] A Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2254 petition as without merit should be dismissed as a successive habeas petition to prevent defendants from using such a motion to circumvent the rule in 28 U.S.C. § 2244(b), barring successive petitions. Gonzales, 545 U.S. at 531-32. The court finds no such claim clearly stated in Collins' motion. However, if Collins intended to reraise claims already presented in his prior § 2254 petition, or to challenge the validity of his confinement by means of habeas claims that could have been presented in that prior petition, he is advised to present such claims, clearly stated, in a separate petition to the United States Court of Appeals for the Fourth Circuit, with an attached motion seeking certification to file a successive § 2254 petition, as required under 28 U.S.C. § 2244(b).

3

Generally, when a state court has relied on a state procedural rule to dismiss a habeas claim, federal habeas review is barred absent a showing of cause for the default and resulting prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). In Martinez, the Supreme Court recognized the following limited exception to this Coleman rule: "Inadequate assistance of counsel [or lack of counsel] at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a [substantial] claim of ineffective assistance at trial." 132 S. Ct. at 1315.

Collins' situation does not fall within the narrow scope of this Martinez exception. His procedurally defaulted claims alleged trial court errors, not claims of ineffective assistance of trial counsel. Moreover, his claims were defaulted on appeal, not in habeas proceedings. Most importantly, all of Collins' claims of ineffective assistance were addressed on the merits—by the Supreme Court of Virginia in state habeas proceedings and by this court in his federal case. Accordingly, Martinez offers Collins no claim for relief under Rule 60(b), and the court must deny his motion. An appropriate order will issue this day.

The clerk will send a copy of this order to petitioner and to counsel of record for the respondent.

ENTER: This 25th day of March, 2016.

*/s/ [signature]*
Chief United States District Judge